### MILLER v. COBB et al.

*(Supreme Court, General Term, Fifth Department. June 23, 1892.)*

FRAUDULENT CONVEYANCES—ISSUES FOR JURY—FORM OF INTERROGATORIES.

Though the form of an issue framed for the jury whether a conveyance was made with intent to hinder, delay, or defraud "the creditors of C., including plaintiff," can hardly be construed as obliging plaintiff to show that C., in making the conveyance, had in mind the fraudulent intent to defraud this particular plaintiff, still, to avoid possible objection, it will be modified so that the inquiry shall be: Was the conveyance with intent to defraud, etc., (1) "the then existing creditors of C.;" (2) "subsequent creditors of C.?"

Appeal from special term, Monroe county.

Action by Josiah C. Miller against William H. Cobb and another to reach property claimed to be fraudulently conveyed. From two orders,—one entered May 23, 1891, but bearing date the last Monday of March, 1891, denying plaintiff's motion to set aside an order entered December 29, 1890, the other entered May 22, 1891, bearing date January 29, 1891, settling issues to be tried by a jury at the circuit,—plaintiff appeals. Modified.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Q. Van Voorhis,* for appellant. *Joseph A. Stull,* for respondents.

MACOMBER, J. The order bearing date the 23d day of May, 1891, as of the last Monday of March, 1891, simply denies the plaintiff's motion to set aside the order of the 29th day of December, 1890, and stands solely upon the ground that the questions involved in the application were embraced in a motion then pending before another justice of this court at special term. The other order appealed from settles the issues in this action, which is an action in equity in the nature of a creditors' bill to reach property claimed to be fraudulently conveyed. The issues settled are six in number, each like all the others except in dates and names. The first one is as follows: "(1) Was the deed made by the defendant William H. Cobb to Nathaniel Pierce, dated December 27, 1876, and recorded in Monroe county clerk's office on the 28th day of December, 1876, in Liber 299 of Deeds, at page 231, conveying certain real estate in Brighton, made with intent to hinder, delay, or defraud the creditors of William H. Cobb, including the plaintiff?" This order was made by the court in pursuance of an order previously made by Mr. Justice ANGLE, bearing date the 27th day of December, 1888, and entered on the 29th day of December, 1890, immediately preceding his retirement from office. That learned justice had heard the evidence and the arguments in this case, and, after deliberating thereon, made an order that the issues therein be tried by a jury at the Monroe circuit, and there was accordingly prepared an order which has been followed by the order bearing date the 29th of January, 1891, which settles such issues in the same manner, except that the words, "to hinder, delay, and defraud the creditors of William H. Cobb, including the plaintiff," did not appear, but that the following language was used: "Hinder, delay, or defraud the plaintiff herein as a creditor of William H. Cobb." Mr. Justice ANGLE accompanied his order with an opinion, in which, among other things, he states: "The validity of the above deeds has already been the subject of litigation and decision in creditors' actions. In one case,— that of *McGuire, etc.,* v. *Cobb & Cobb,* tried at special term before one of the justices of this court,—it was decided that the above deeds, one and two, were

made with intent to hinder, delay, and defraud the then existing creditors of the said William H. Cobb. In another case between the same parties as last above, tried and decided before another justice of this court, the same conveyances were sustained as against subsequent creditors. Under these decisions, and after considerable examination of the evidence on which they proceeded, as well as of the evidence upon the trial before me, I am quite satisfied that the issue as to each of the above conveyances mentioned in the complaint,— as to whether it was made with intent to hinder, delay, and defraud the creditors of William H. Cobb,—should be tried by a jury." In these views we concur with the learned justice. The only question of difference which seems to exist between counsel on this part of the appeal relates to the form of the interrogatories to be sent to the jury. In the order bearing date the 29th day of January, 1891, the expression is: "Made with intent to hinder, delay, or defraud the creditors of William H. Cobb, including the plaintiff." From this the learned counsel for the plaintiff argues that he may have to maintain before the jury the contention that William H. Cobb, in making the conveyances aforesaid, had in mind the fraudulent intent to defraud this particular plaintiff. Though we can hardly assent to such a construction of the language of the order as settled, yet on the whole we are inclined to modify the statement of the issues so as to obviate all possible objection thereto. In each of them the issue to be tried and decided by the jury should be whether or not such conveyance was (1) made with intent to hinder, delay, or defraud the then existing creditors of William H. Cobb; (2) was such deed made with intent to hinder, delay, or defraud subsequent creditors of William H. Cobb? With the order thus modified, we cannot see that either party could seriously object to the same in matter of form. Having already expressed our concurrence with the views contained in the memorandum left by the late Justice ANGLE upon the merits of the motion, it follows that the order appealed from should be affirmed, as modified.

Orders appealed from modified, and, as modified, affirmed, with $10 costs and disbursements to abide the final award of costs. All concur.